UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VALENCIA GARNER, | : |
| Plaintiff, | : |
| | :     CIVIL ACTION NO. |
| v. | : |
| |     1:06-CV-1959-MHS |
| FEDERAL BUREAU OF INVESTIGATION, | : |
| | : |
| Defendant. | : |
| | : |

## **ORDER**

Presently before the Court is plaintiff's <u>pro</u> <u>se</u> pleading or relief from order which the Court construes as a motion for reconsideration of the Court's Order dismissing her case for lack of subject matter jurisdiction. On August 29, 2006, the Court dismissed plaintiff's complaint against the Federal Bureau of Investigation ("F.B.I.") because plaintiff's claims had no plausible foundation and were patently without merit.

In her motion for reconsideration, plaintiff recognizes her error in not alleging any basis for the Court's jurisdiction and asks the Court to consider her actions a mistake. She also lists ten grounds for subject matter jurisdiction.

AO 72A
(Rev.8/82)

However, these grounds (1) are incoherent; (2) arise under state law; or (3) appear to be immaterial and made solely for the purpose of obtaining jurisdiction.

Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), ND Ga. The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Motions for reconsideration are to be filed only when "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time. Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs., 916 F. Supp. 1557, 1560 (N.D. Ga. 1995),

2

aff'd 97 F.3d 1242 (11th Cir. 1996).  Plaintiff has failed to cite to any newly discovered evidence, a change in controlling law, or the need to correct a clear error of law or fact.

Plaintiff also moves for the Court to refund her filing fee because she now recognizes that she did not follow the Federal Rules of Civil Procedure or the Local Rules correctly.  The Court denies plaintiff's request.

Accordingly, the Court DENIES plaintiff's motion for reconsideration [#7] and DENIES plaintiff's motion to refund her filing fee [#8].

IT IS SO ORDERED, this 10 day of October, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia